UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK CLEMENS,<br><br>        Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT INC.,<br><br>        Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

PATRICK CLEMENS, the Plaintiff herein, by his attorneys, as and for his complaint against the Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant"), alleges as follows:

## I. PRELIMINARY STATEMENT

This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York General Business Law § 349, by the Defendant in its illegal efforts to collect consumer debts.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331.

2. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

3. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

4. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

5. Venue is also proper in this district because Plaintiff lives in this District, Defendant conducts business in this District, and the injury occurred in this District.

### III. PARTIES

6. Plaintiff, PATRICK CLEMENS ("Plaintiff"), is a natural person who resides in Erie County, New York.

7. Mr. Clemens is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3), the New York General Business Law § 349, and the rules of New York State Department of Financial Services.

8. Defendant, MIDLAND CREDIT MANAGEMENT, INC conducts business in the State of New York, and is a for-profit corporation organized in Kansas, with a principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, CA 92108, and may be served through its registered agent for service of process at Corporation Service Company, 80 State Street, Albany, NY 12207.

9. Upon information and belief, the principal purpose of MCM is the collection of debts using the legal system, and instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

10. Upon information and belief Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a (6), doing substantial and material business in Erie County, New York.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. BACKGROUND ON FDCPA

13. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, provides for specific consumer rights, and defines abuse. 15 U.S.C. § 1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices. In particular, the FDCPA enumerates practices that are forbidden for debt collectors to take.

14. The gist of the FDCPA lies in three main prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Third, and finally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply stated, this act was designed to protect consumers from debt collectors using unscrupulous tactics. Regardless as to whether a valid debt exists, the FDCPA prohibits unfair, unconscionable, and coercive collection methods, actions or conduct that harass, oppress, or

abuse any debtor, and to shield consumers from false, deceptive, or misleading statements in connection with the collection of a debt.

## V. FACTUAL ALLEGATIONS

15. Defendant has alleged that the Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a revolving credit account originally owned or serviced by Capital One Bank, N.A.  The debt was purchased by Defendant.

16. After the debt was purchased by Defendant, Plaintiff retained the services of a consumer advocacy firm to assist him with the matter.  The firm and Defendant came to amiable resolution via settlement agreement.

17. On or around September 25, 2020, Defendant delivered, via email, the written settlement agreement to Plaintiff reporting the current balance $2,106.71 with settlement on the account reached for $948.02 due on September 30, 2020.

18. On September 30, 2020, Plaintiff called Defendant to remit payment, however Defendant refused Plaintiff's payment.  Plaintiff's representative called to find out why payment was refused and was redirected by Defendant to have Plaintiff call in and payment would be accepted.

19. On October 1, 2020, Plaintiff called again and was successful making his payment of $948.02 to Defendant, satisfying the settlement agreement.

20. On October 7, 2020, Defendant emailed Plaintiff attempting to collect the debt despite the fact Plaintiff had satisfied the debt on October 1, 2020.  Because Defendant accepted payment satisfying the debt in full, and subsequently continued to collect on the debt, Defendant

misrepresented the character and amount of the debt, which was an amount outside of the agreement.

21. The Defendant failed to maintain (i.e., employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff's alleged debt.

22. The above-detailed conduct by Defendant, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in attempting to collect a debt from the Plaintiff is in violation of numerous and multiple provisions of the FDCPA.

23. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

24. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

25. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

26. In light of the facts articulated herein, Defendant attempted to collect a debt by intentionally mischaracterizing and misrepresenting the character and legal status of the debt.

27. In light of the facts articulated herein, Defendant engaged in unfair and unconscionable means to collect a debt from the Plaintiff.

28. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized by an agreement creating the debt.

29. MCM's collection activity on these occasions was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1), amongst others.

30. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

31. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

32. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt, Defendant's actions also violated New York State Statutes prohibiting deceptive acts and practices. *See* New York State Code Article 22-A. § 349.

33. The Plaintiff has suffered actual damages as a result of this illegal communication and collection attempt by Defendant in the form of attorney's fees and costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Debt Collection Practices Act 15 U.S.C § 1692

34. Plaintiff adopts and realleges the foregoing as fully stated herein.

35. The foregoing acts and omissions by Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36. Defendant violated 15 U.S.C. § 1692d.  By sending an email to the Plaintiff after Defendant received satisfaction of settlement agreement and attempting to collect on a debt that no longer existed, Defendant engaged in conduct that resulted in the harassment of the Plaintiff.

37. Defendant violated 15 U.S.C. § 1692e.  By sending an email to the Plaintiff after Defendant received satisfaction of settlement agreement and attempting to collect on a debt that no longer existed, Defendant utilized false and deceptive means to collect a debt from the Plaintiff.

38. Defendant violated 15 U.S.C. § 1692e(2).  By sending an email to the Plaintiff after Defendant received satisfaction of settlement agreement and attempting to collect on a debt that no longer existed, Defendant misrepresented the character, amount, or legal status of the alleged debt.

39. Defendant violated 15 U.S.C. § 1692e(10).  By sending an email to the Plaintiff after Defendant received satisfaction of settlement agreement and attempting to collect on a debt that no longer existed, Defendant employed false representations and deceptive means to collect a debt from Plaintiff.

40. Defendant violated 15 U.S.C. § 1692f.  By sending email notice to Plaintiff with an outstanding balance post satisfaction of written settlement agreement, Defendant used unconscionable means attempting to collect an amount outside of the settlement agreement.

41. Defendant violated 15 U.S.C. § 1692f(1).  By sending email notice to Plaintiff with an outstanding balance post satisfaction of written settlement agreement, Defendant attempt to collect a debt not permitted by law.

42. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) of the FDCPA,

Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

43. Defendant's violations of §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees.

44. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II
### Violations of the New York General Business Law § 349

45. Plaintiff adopts and realleges the foregoing as fully stated herein.

46. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

47. Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, sending an email to the Plaintiff after Defendant received satisfaction of settlement agreement and attempting to collect on a debt that no longer existed. Defendant's actions were deceptive acts and practices in its course of business.

48. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

49. Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

50. As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that he, among other things, suffered

emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

51. Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

52. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## CLAIM FOR RELIEF

Plaintiff, Patrick Clemens prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d. Declare that the Defendant violated the NY GBL;

e. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## TRIAL BY JURY

Plaintiff, Patrick Clemens, is entitled to and hereby respectfully demands a trial by jury.

Dated: January 7, 2021

                                                  Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,**
**ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:   (212)  766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**